**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:26-CR-45-REW-EBA**

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

**V.**                          **PLEA AGREEMENT**

**ZACHERY ROSS ASHBURN**                                             **DEFENDANT**

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, and 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of drug trafficking.

2.  The essential elements of Count 1 are:

    (a) First, the Defendant knowingly possessed 500 grams or more of a mixture or substance containing methamphetamine; and

    (b) Second, the Defendant intended to distribute the methamphetamine.

3.  The essential elements of Count 2 are:

    (a) First, the Defendant committed the crime charged in Count 1, which is a drug trafficking crime that may be prosecuted in a court of the United States;

    (b) Second, the Defendant knowingly possessed a firearm; and

    (c) Third, the possession of the firearm was in furtherance of the crime charged in Count 1.

1

4. As to the Counts, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits that these facts are true:

(a) Around 1:20 a.m. on February 23, 2025, during a traffic stop that occurred in Scott County, in the Eastern District of Kentucky, the Defendant knowingly possessed approximately four pounds of methamphetamine and four firearms. The Defendant, the driver, rented the vehicle in his name. The methamphetamine was packaged in two separate vacuum-sealed packages. The KSP lab confirmed there was 1,775.3 grams of a mixture or substance containing methamphetamine, a Schedule II controlled substance. The Defendant possessed and intended to distribute the methamphetamine.

(b) The firearms the Defendant possessed in the vehicle along with the methamphetamine as are follows: (1) a SIG pistol, Model: P320F, Caliber: 9-9 MM, Serial Number: 58J114265; (2) a Zastava rifle, Model: M85, Caliber: 223-.223 Cal/5.56X45, Serial Number: Z85-008730; (3) a Glock pistol, Model: 19X, Caliber: 9-9 MM, Serial Number: ADKG782; and (4) a Springfield Hellcat pistol, Caliber: 9-9 MM, Serial Number: BE248385, as well as assorted ammunition. As admitted above, the Defendant committed the crime charged in Count 1, which is a drug trafficking crime that may be prosecuted in a court of the United States. The Defendant possessed the SIG pistol and the Hellcat pistol in furtherance of that drug trafficking crime. He had the SIG pistol between the driver's seat and the central console, and he had the Hellcat pistol in his right front pants pocket. Both firearms provided protection while he was transporting approximately four pounds of methamphetamine. Both firearms were strategically located so that they were quickly and easily available for use, and they were in close proximity to the methamphetamine also located in the vehicle.

5. The statutory punishment for Count 1 is imprisonment for not less than 10 years and not more than life, a fine of not more than $10,000,000, and a term of supervised release of not less than 5 years. The statutory punishment for Count 2 is imprisonment for not less than 5 years and not more than life, consecutive to any other sentence; a fine of not more than $250,000; and a term of supervised release of not more than 5 years. A

mandatory special assessment of $100 per count applies, for a total of $200, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 4 and all provided discovery materials.
>
> (c) Pursuant to U.S.S.G. § 2D1.1(a)(5) & (c)(4), the base offense level for Count 1 is 32 because the offense involves approximately 1,775.3 grams of a mixture containing methamphetamine.
>
> (d) Pursuant to U.S.S.G. § 2K2.4(b), for Count 3, "the guideline sentence is the minimum term of imprisonment required by statute," 60 months consecutive to any other sentence imposed.
>
> (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

9. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

4

11. Law enforcement will work with the defense to return non-contraband items seized in this investigation, such as clothing and personal effects, to the Defendant's attorney or other recipient. The Defendant otherwise abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the

Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 6/16/26          By: _____
Emily K. Greenfield
Assistant United States Attorney

Date: 6/15/26          _____
Zachery Ross Ashburn
Defendant

Date: 6/15/26          _____
Bradley D. Clark
Attorney for Defendant

6